JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for FLSA
NATALIE NARDECCHIA (SBN 246486)
Trial Attorney
United States Department of Labor
Office of the Solicitor
350 South Figueroa Street, Suite 370
Los Angeles, CA 90071
Email: Nardecchia.Natalie@dol.gov

JS 6

Attorneys for Plaintiff, Thomas E. Perez, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor,<br><br>          Plaintiff,<br>   v.<br><br>**LEO'S RECYCLING, INC. dba LEO'S RECYCLING**, a California corporation; **BRIGIDA RIOS**, individually and as a managing agent of Leo's Recycling, Inc.; and, **GLORIA CORDOVA**, individually and as a managing agent of Leo's Recycling, Inc.,<br><br>          Defendants. | Case No.: 2:15-cv-7628<br><br>CONSENT JUDGMENT & ORDER AGAINST DEFENDANTS BRIGIDA RIOS AND GLORIA CORDOVA as MANAGING AGENTS OF LEO'S RECYCLING |

[Proposed] Consent Judgment and Order      1      2:15-cv-7628

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), and Defendants BRIGIDA RIOS, individually and as a managing agent of Leo's Recycling, Inc. ("Leo's Recycling")[1]; and GLORIA CORDOVA, individually and as a managing agent of Leo's Recycling (collectively, "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment") in accordance herewith.

I. **STATEMENT BY THE PARTIES:**

   A. The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 7, 11 and 15 of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 207, 211 and 215.

   B. Defendants acknowledge receipt of a copy of the Secretary's Complaint and waive answer. Defendants have had the opportunity to obtain legal counsel.

   C. Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

   D. Defendants agree that this Court has jurisdiction over the parties and subject matter of this civil action and venue lies in the district court for the Central District of California.

   E. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

   F. The Secretary and Defendants agree to dismiss Defendant Leo's Recycling, Inc. from this action upon receipt of the monetary amounts

---

[1] Defendant Leo's Recycling, Inc. will be dismissed.

[Proposed] Consent Judgment and Order       2               2:15-cv-7628

due under this Consent Judgment.

G. Defendants acknowledge that they and any individual, agent, or entity acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

H. Since at February of 2012, Defendants have employed workers to perform tasks for their recycling business, at five locations in Los Angeles County. The workers are employees within the meaning of the FLSA and entitled to all of the provisions and safeguards guaranteed under the FLSA to employees, including the wage provisions and protections from retaliation and discrimination.

I. Since at least December of 2003, Defendant Leo's Recycling has been and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. 203(s)(1)(A).

J. Defendants' employees are employed in an enterprise engaged in commerce or in handling or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of FLSA Section 3(s)(1), 29 U.S.C. § 203(s)(1).

K. Defendants are employers within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d) in that they act directly or indirectly in the interests of Leo's Recycling in relation to their employees.

L. Defendants understand and expressly acknowledge that demanding or accepting any of the monies due to any employees under the terms of this Consent Judgment, threatening any employee for accepting monies due under this Consent Judgment, or threatening any employee for exercising any of his or her rights under the FLSA is specifically prohibited and may subject Defendants to equitable and legal damages, including punitive

1  damages and civil contempt.

2  M. Defendants understand and expressly acknowledge that it is "unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA], or has testified or is about to testify in any such proceeding…" See 29 U.S.C. § 215(a)(3). Defendants understand and expressly acknowledge that it is illegal to retaliate in any manner against any employee because he or she has participated in the instant proceedings by *inter alia* talking to or providing information to the Secretary's representatives or in any way pursuing his or her rights under the FLSA. Defendants further understand and expressly acknowledge that taking any retaliatory actions against any employee or person in violation of the FLSA and the express terms of this Consent Judgment may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, and their officers, agents, servants, employees, successor companies, parties in interest, and all persons in active concert or participation with them, are hereby permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, pay any of their employees who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the

    meaning of the FLSA, less than one and one-half times the employees' regular rates for hours worked in excess of 40 hours in a workweek.

2. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516.

3. Defendants shall not, contrary to Section 11(a) and 15(a)(3) of the FLSA interfere with the Secretary's ability to investigate violations of the FLSA. Among other things, subject to legal and any other appropriate objections, Defendants shall promptly supply records requested by the Secretary for purposes of an investigation, shall not destroy any records relevant to an investigation and shall not intimidate or discourage any employee from cooperating with the Secretary's investigation or providing truthful information or records.

4. Defendants shall not, contrary to Section 15(a)(3) of the FLSA discharge, threaten to discharge, lay off, reduce the work schedule or wages, intimidate, or in any other manner discriminate against any employee as a result of this litigation or because such employee has filed any complaint under or related to the FLSA or has spoken or provided information to the Secretary's representatives in connection with this litigation.

5. Defendants Brigida Rios and Gloria Cordova jointly and severally, shall not withhold payment of **$45,000**, which constitutes the unpaid overtime compensation agreed to be due to the present and former employees of Leo's Recycling who are identified by name, periods of employment, and

amounts owed in an Exhibit A, filed concurrently ("Backwage Calculation").

**FURTHER, PURSUANT TO THE PARTIES' AGREEMENT, JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216, in favor of the Secretary and against Defendants Brigida Rios and Gloria Cordova, jointly and severally, in the total amount of **$90,000**, which includes the unpaid overtime compensation of $45,000 referenced in paragraph 5 to the present and former Leo's Recycling employees who are identified by name, periods of employment, and amounts owed in Exhibit A, filed concurrently and made a part hereof ("Backwage Calculation"), plus an additional equal amount of $**45,000** as statutorily authorized liquidated damages ("Liquidated Damages"), for a total of **$90,000**. Defendants shall make payments to the Wage Hour Division of the United States Department of Labor totaling **$90,000,** by delivering to Wage and Hour Division, United States Department of Labor, Attn: District Director Francisco Ocampo, Assistant District Director, 915 Wilshire Blvd., Suite 960, Los Angeles, CA 90017-3446, the following:

    a. By no later than ninety (90) calendar days from entry of this Consent Judgment and Order, Defendants shall deliver a cashier's check or money order with the firm name and "Net Back Wages" written on it, payable to the order of the "Wage & Hour Div., Labor," in the total net back wages amount due. The check described in this subparagraph shall contain no expiration date other than that which may be pre-printed on the cashier's check or money order by the issuing bank.

    b. By no later than ninety (90) calendar days from entry of this Consent Judgment and Order, Defendants shall deliver a schedule in duplicate bearing the firm name, employer identification number(s), address(es), and phone number(s) of Defendants and showing the name,

last known address, social security number, gross back wage amount (as listed in the attached Exhibit A), the amounts of legal deductions for social security and withholding taxes thereon (which Defendants shall pay directly to the federal and state agencies entitled thereto, when due, but in no event later than one year after submitting to Plaintiff the last of the net back wage amounts), and the resulting net back wage amount for each person listed in the attached Exhibit A.

    c.    By no later than ninety (90) calendar days from entry of this Consent Judgment and Order, Defendants shall deliver a certified or cashier's check or money order in the total amount of **$45,000** with the firm name and "Liquidated Damages" written on it, payable to the order of the "Wage & Hour Div., Labor." The check or money order shall contain no expiration date other than that which may be pre-printed on the cashier's check or money order by the issuing bank.

    d.  Upon receipt of the monetary amounts due under this Judgment, the Secretary shall file a notice dismissing Defendant Leo's Recycling, Inc. from this action with prejudice.

6. In the event of a default in the timely making of the payments specified in this Consent Judgment, the full amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year from the date of this Consent Judgment until the amount of this Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division ("Wage and Hour"). For the purposes of this paragraph, a "default" is deemed to occur if payment is not received by Wage and Hour within five (5) calendar days of the due date.

Further, the Secretary shall notify the Court of the default and request to put this matter back on calendar as open, contested litigation against all Defendants named in the Complaint, i.e., Leo's Recycling, Inc., Brigida Rios and Gloria Cordova. The Secretary notes that in the event of a default, the Secretary will seek all amounts due in this matter, and any agreement to a lesser amount for settlement purposes will be null and void.

7. Upon receipt of the payments detailed *supra*, the Secretary shall distribute said payments to the persons named in Exhibit A, or to their estates if that be necessary, in his sole discretion, and any monies not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

8. Within ten (10) days of the date of entry of this Consent Judgment, Defendants shall provide each of their current employees with a copy of the notice of rights, attached hereto as Exhibit B, which summarizes in English and Spanish the terms of this Consent Judgment and provides direct guidance from the U.S. Department of Labor regarding employees' rights, including protection from retaliation, under the FLSA ("Notice of Rights"). Defendants shall redistribute this Notice of Rights to each employee annually, for a period of three (3) years from the date of entry of this Consent Judgment.

    a. Defendants shall provide a copy of the Notice of Rights to all newly hired employees before or by the date said employee begins performing work for them.

    b. Within ten (10) days of entry of this Consent Judgment, Defendants shall post a copy of Exhibit B in a prominent location at all of their facilities and locations in Los Angeles County, and shall do the same at any future facility within ten (10) days of it beginning operations. This provision shall remain in effect for three (3) years from entry of this Consent Judgment.

9. Within ten (10) days of the date of entry of this Consent Judgment, Defendants shall post U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA, in a prominent location at all of their facilities or locations in Los Angeles County, and Defendants shall do the same at any future facility within ten (10) business days of it beginning operations. Copies of said posters are available for download and printing at: http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

10. Within ten (10) days of the date of entry of this Consent Judgment, Defendants shall implement a recordkeeping, retention, and inspection program as detailed below:

    a. The employer shall record the employees' work time in an accurate and timely manner, whether such recording be made through the use of a time clock, handwritten time records, or by other means ("Time Records"). Work time shall include, but is not necessarily limited to, time spent by individuals: making deliveries or pick-ups on behalf of Defendants, waiting time at Defendants' customers' locations, and waiting for dispatches.

    b. For each work week, Defendants shall sum each employee's Time Records to identify the time worked each day and each workweek per individual. Each pay period, Defendants shall prepare a statement of

hours worked by each individual for each day, week and pay period ("Work Hours Summary"). Defendants shall have each individual review his or her Work Hours Summary, write in corrections if necessary, and sign the Work Hours Summary. Each Work Hours Summary shall contain a statement indicating that:

> **"Your Employer must pay you for all hours worked, which includes all time that you are required to be on the Employer's premises and are not free from duties. If you think your Employer has not paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE."**

Immediately upon issuance and for three (3) years thereafter, Defendants shall maintain copies of all Work Hours Summaries for inspection by the Secretary or any of Defendants' employees at any time.

11. Within four (4) months of the date that Defendants sign this Consent Judgment, or as soon as thereafter practicable given Wage and Hour representatives' availability, Defendants shall permit representatives from Wage and Hour to conduct training sessions for all employees, to be conducted at Defendants' facilities. Defendants' employees from all locations and facilities shall be required to attend the training, which shall be compensable time for which employees shall receive pay. Topics to be covered by Wage and Hour during said training shall include, but are not limited to: minimum wage, overtime, and recordkeeping provisions of the FLSA; specific considerations relating to the recycling industry; and anti-retaliation provisions of the FLSA. Upon a determination by Wage and Hour representatives, said training may be followed by a

confidential question and answer session between Wage and Hour representatives and Defendant's employees ("Q&A Session"). The Q&A Session shall also be compensable time for which employees shall receive pay.

12. The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as, or be asserted as, a bar to any action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the forthcoming Exhibit A, nor as to any employee named on the forthcoming Exhibit A for any period not specified herein for the back wage recovery provisions.

13. Each party shall bear all fees and other expenses (including court costs and attorney's fees) incurred by such party in connection with any stage of this proceeding including but not limited to attorneys' fees and costs that may be available under the Equal Access to Justice Act.

///
///
///
///
///
///
///
///
///

14. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment for five years.

**IT IS SO ORDERED**.

12/18/15
Dated: _____        _____
                                         Honorable Dale S. Fischer
                                         United States District Judge

_____
Brigida Rios                                         M. PATRICIA SMITH
Individually and as managing agent for   Solicitor of Labor
Defendant Leo's Recycling
                                                          JANET M. HEROLD
Dated: _____                                Regional Solicitor

                                                          SUSAN SELETSKY
                                                          Counsel for FLSA

_____      _____
Gloria Cordova                                    NATALIE NARDECCHIA
Individually and as managing agent for   Trial Attorneys
Defendant Leo's Reycling                    Attorneys for Plaintiff

Dated: _____                                Dated: _____

[Proposed] Consent Judgment and Order    12             2:15-cv-7628

## **EXHIBIT A** TO CONSENT JUDGMENT

| Name | | BW Start and End Dates | | Gross BW Due | LD Due |
|---|---|---|---|---|---|
| Gumercindo | Chama | 4/6/2012 | 2/15/2014 | $2,650.96 | $2,650.96 |
| Tomas | Chavez | 4/27/2012 | 2/6/2015 | $4,037.05 | $4,037.05 |
| Bayron | Garcia Pascual | 8/10/2012 | 2/6/2015 | $4,461.66 | $4,461.66 |
| Ruben | Garcia | 10/10/2014 | 2/6/2015 | $536.16 | $536.16 |
| Enrique | Hernandez | 2/17/2012 | 7/13/2013 | $810.82 | $810.82 |
| Carlos | Huante | 2/17/2012 | 2/6/2015 | $6,496.64 | $6,496.64 |
| Damian | Licona | 7/19/2013 | 7/19/2013 | $31.86 | $31.86 |
| Artemio | Lopez | 5/31/2013 | 7/26/2014 | $466.53 | $466.53 |
| Clemente | Lopez | 4/27/2012 | 2/15/2014 | $2,744.02 | $2,744.02 |
| Juan Carlos | Lopez | 5/17/2013 | 7/26/2014 | $935.13 | $935.13 |
| Anselmo | Martinez | 4/26/2013 | 6/28/2013 | $230.43 | $230.43 |
| Manuel | Martinez | 8/31/2012 | 2/22/2013 | $58.32 | $58.32 |
| Florindo | Mendez | 8/16/2013 | 10/11/2013 | $88.69 | $88.69 |
| Misael | Mendez | 7/20/2012 | 7/13/2013 | $485.29 | $485.29 |
| Alejandro | Molina | 2/17/2012 | 2/6/2015 | $3,888.72 | $3,888.72 |
| Maximiliano | Pascual | 2/24/2012 | 2/6/2015 | $5,098.25 | $5,098.25 |
| Walter | Pascual | 11/2/2012 | 2/15/2014 | $462.83 | $462.83 |
| Hector | Quintanilla | 2/17/2012 | 4/20/2012 | $667.32 | $667.32 |
| Mario | Romero | 2/17/2012 | 2/6/2015 | $7,506.24 | $7,506.24 |
| Ricardo | Salazar | 2/17/2012 | 2/6/2015 | $2,098.35 | $2,098.35 |
| Jose | Vasquez | 2/8/2013 | 5/24/2013 | $330.87 | $330.87 |

| | | | | | |
|---|---|---|---|---|---|
| Martin | Villanueva | 2/17/2012 | 6/29/2012 | $913.87 | $913.87 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT B** TO CONSENT JUDGMENT

**LEGAL NOTICE TO ALL EMPLOYEES**

In a settlement with the United States Department of Labor, Leo's Recycling has agreed to pay the agreed-upon back wages and liquidated damages owed to you, and to take other steps to ensure that all employees are paid properly under the Fair Labor Standards Act ("FLSA").

The FLSA requires that all employees must be paid minimum wage for all hours worked, as well as overtime wages for hours worked over 40 in a workweek. The FLSA also provides that all employees are protected from retaliation or discrimination. This means that no one from Leo's Recycling can terminate you, threaten to terminate you, reduce your work or your pay, or in any way retaliate or discriminate against you because you have spoken to anyone at the Department of Labor, testified in this case, or in any way tried to enforce your rights under the FLSA.

**The United States Department of Labor wants to remind you that you may contact the Department if you have any question about your employment situation and your rights to lawful wages and to be free from retaliation.**

**If you think you are not being paid in accordance with the law, you can call the United States Department of Labor, Wage and Hour Division, at (415) 625-7720 or 1-866-4-USWAGE (1-866-487-9243), and your name will be kept confidential.**

The Department also reminds you that you have employment rights under California state law and you may contact the California Division of Labor Standards Enforcement, at (415) 703-5300, for any questions you may have about those rights.